IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAMON SOLANO RODRIGUEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:09-CV-005
CRIM. NO. 2:04-CR-062
JUDGE MARBLEY
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On October 13, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Counsel shall be appointed to represent petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to provide adequate advice pretrial regarding the sentencing ramifications of proceeding to trial and testifying on his own behalf and because his attorney advised him to go to trial in view of the lack of strength of the government's case against him as he would be sentenced the same regardless. The remainder of petitioner's claims are hereby **DISMISSED.**

Petitioner objects solely to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel based on his attorney's failure to call defense witnesses. He seeks an evidentiary hearing on this claim. Petitioner objects to the

Magistrate Judge's conclusion that he cannot establish prejudice, as that term is defined under *Strickland v. Washington*, 466 U.S. 668 (1984), from counsel's failure to call defense witnesses in view of the evidence presented at trial.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. "If the record includes a factual dispute, the District Court 'must hold a hearing to determine the truth of the [petitioner's] claims.'" *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003), quoting *Turner v. United States,* 180 F.3d 474, 477 (6th Cir. 1999). No evidentiary hearing is required, however, where the "record conclusively shows that petitioner is entitled to no relief." *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

The determination of whether petitioner can establish prejudice from his attorney's failure to call defense witnesses in this case does not involve resolution of a factual dispute nor is this Court persuaded, upon review of the entire record, that a hearing is necessary to resolve this claim. To the contrary, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, this Court agrees that, in view of the other evidence presented at trial, petitioner has failed to establish that he is entitled to relief on this claim or that an evidentiary hearing is warranted.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Counsel shall be appointed to represent petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel

because his attorney failed to provide adequate advice pretrial regarding the sentencing ramifications of proceeding to trial and testifying on his own behalf and because his attorney advised him to go to trial in view of the lack of strength of the government's case against him as he would be sentenced the same regardless. The remainder of petitioner's claims are hereby **DISMISSED.**

    **IT IS SO ORDERED.**

                                                                      s/Algenon L. Marbley
                                                                    ALGENON L. MARBLEY
                                                                    UNITED STATES DISTRICT JUDGE